IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| NATASHA BLUEBERRY, et al., | ) |
|---|---|
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. CIV-13-278-R |
| | ) |
| COMANCHE COUNTY | ) |
| FACILITIES AUTHORITY, et al., | ) |
| | ) |
| Defendants. | ) |

### ORDER

On July 7, 2016, the Clerk taxed costs in the amount of $14,498.58. Doc. No. 228. Plaintiffs filed a timely motion for the Court to review that award on July 14. Doc. No. 229; *see* FED. R. CIV. P. 54(d)(1) ("The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action."). Plaintiffs challenge the costs award on a single ground, their indigent status. Plaintiffs also request that no Plaintiff be held accountable for more than her *pro rata* portion, in the event the Court denies the motion. Finally, Plaintiffs ask that the Court stay any granting of awards until such time as their appeal has been resolved. Defendant objects to modification of the award or staying any award, but does not object to *pro rata* responsibility.

"Unless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). Whether to award costs to a prevailing party rests within the sound discretion of the trial court. *Zeran v. Diamond Broad., Inc.*, 203

F.3d 714, 722 (10th Cir. 2000). But that discretion is limited. Rule 54 creates a presumption that costs will be awarded, and if a court denies costs, it must provide a valid reason for doing so. *Id.* "The burden is on the non-prevailing party to overcome this presumption." *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004) (citation omitted).

Plaintiffs argue they should not have to pay costs because they are indigent, most having been released from incarceration in recent years. In *Debord v. Mercy Health Sys. of Kansas, Inc.*, 737 F.3d 642, 659-60 (10th Cir. 2013), the court stated that one circumstance "in which a district court may properly deny costs to a prevailing party" is when "the nonprevailing party is indigent." In support of this conclusion the Circuit cited an earlier 1995 opinion, which stated, "[c]ourts have also held that it was not an abuse of discretion for district courts to deny costs when damages were only nominal, or the nonprevailing party was indigent." *Id.* at 660 (citing *Cantrell v. Int'l Bhd. of Elec. Workers, AFL-CIO, Local 2021*, 69 F.3d 456, 459 (10th Cir. 1995)). As such, a nonprevailing party's indigent status is a proper basis on which to deny costs. The Plaintiffs have sufficiently established their indigency and the Court exercises its discretion in this case to deny costs due to Plaintiffs' indigent status.[1]

The Taxation of Costs, Doc. No. 228, is VACATED.

---

[1] Plaintiffs' counsel indicates he was unable to contact Plaintiff Jessica Reece to determine the full extent of her indigent status. The Court notes that a bench warrant was issued on July 7, 2016 on an application to revoke a suspended sentence in a felony case in the District Court of Comanche County, it also requires Ms. Reece to pay $100 per month in costs, none of which appear to have been paid since the Court entered its Order on October 1, 2015. Accordingly, the Court concludes that Ms. Reece is similarly situated to the other Plaintiffs.

IT IS SO ORDERED this 21st day of September, 2016.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE